UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BASIL BROWN,                               )
                                           )
       Plaintiff,                          )
                                           )           CIVIL ACTION NO.
VS.                                        )
                                           )           3:06-CV-0363-G
BARRETT BURKE WILSON CASTLE                )
DAFFIN & FRAPPIER, L.L.P., ET AL.,         )           **ECF**
                                           )
       Defendants.                         )

## MEMORANDUM OPINION AND ORDER

      Before the court is the motion of the defendants, Barrett Burke Wilson Castle Daffin & Frappier, L.L.P ("Barrett Burke"), Midland Mortgage Company ("Midland") and MidFirst Bank ("MidFirst") (collectively, "the defendants"), to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. In addition, the *pro se* plaintiff, Basil Brown ("Mr. Brown" or "the plaintiff"), has filed motions for preliminary injunction, for additional time to serve the defendants, and for a continuance. For the reasons stated below, the motion to dismiss is granted, and the plaintiff's motions for preliminary injunction, for additional time, and for a continuance are denied.

I.  BACKGROUND

The dispute in this case arises out of the allegedly wrongful foreclosure on the home of Basil and Cheryl Brown ("Mrs. Brown") (collectively, "the Browns").  In June of 1989, the Browns entered into a note and deed of trust to purchase a home in DeSoto, Texas, which is the subject of the instant action.  First Amended Original Complaint at 2.  The Browns, then married, were the only obligors on the note and deed of trust held by the defendant MidFirst Bank.  *Id.*  In 1991, the couple divorced.  *Id.*  Ten years later, on March 23, 2001, Mr. Brown filed for bankruptcy.  *Id.*  Shortly thereafter, on April 16, 2001, Mrs. Brown also filed for bankruptcy.  *Id.* at 3.  On June 11, 2001, while both were still in active bankruptcies, Midland sent each of them a "Notice to Cure" letter -- allegedly unsigned -- which stated that the mortgage loan was in default and that foreclosure proceedings would begin in twenty days if the default were not cured.  *Id.*  That same day, June 11, 2001, Midland also sent a "Notice of Intent to Accelerate" letter to both Mr. and Mrs. Brown at the DeSoto address notifying them that the mortgage loan would be accelerated if the default were not cured by July 1, 2001.  *Id.*  The plaintiff contends this letter was similarly unsigned.  *Id.*  On March 8, 2002, Mr. Brown received another letter -- also allegedly unsigned -- informing him that a foreclosure sale was set to take place on April 2, 2002.  *Id.* at 3-4.  The sale was canceled, however, and the loan was reinstated due to Mr. Brown's bankruptcy.  *Id.* at 4.

On September 20, 2002, Barrett Burke mailed a letter to Mrs. Brown -- allegedly unsigned and incorrectly dated -- indicating that a foreclosure sale would take place on November 5, 2002. *Id.* at 4. The letter, however, was sent to the home of Mr. Brown -- the DeSoto home -- where Mrs. Brown no longer resided. *Id.* On October 22, 2002, Mr. Brown received notice that the foreclosure sale would take place on November 5, 2002. *Id.* On that date, MidFirst proceeded with the foreclosure sale. *Id*.

Significantly, this is not the first time Mr. Brown has sued these three defendants regarding foreclosure on the DeSoto home. In November of 2003, Mr. Brown filed suit against Midland, MidFirst, and Barrett Burke for the same allegedly wrongful foreclosure that occurred on November 5, 2002. Plaintiff's Original Petition filed in State Court Litigation, *attached to* Appendix to Defendants' Response to Plaintiff's Motion for Preliminary Injunction *as* Exhibit A-2. In that case, the state court granted the defendants' motion for summary judgment and entered a final judgment against Mr. Brown. Order Denying Plaintiff's Appeal of Associate Judge's Decision and Final Summary Judgment, *attached to* Appendix to Defendants' Response to Plaintiff's Motion for Preliminary Injunction *as* Exhibit A-7.

In the present case, the plaintiff asserts both state and federal claims against the defendants. Several of these claims have actually been litigated in the state court proceeding, including a violation of Texas Property Code § 51.002(d) for failure to

send a valid notice of default letter, *compare* First Amended Original Petition ("State Petition"), *attached to* Appendix to Defendants' Response to Plaintiff's Motion for Preliminary Injunction *as* Exhibit A-4, at 6 *with* Second Amended Original Complaint ("Federal Complaint") at 6; a violation of the automatic stay provision of 11 U.S.C.A. § 362, *compare* State Petition at 6, *with* Federal Complaint at 6; a violation of Texas Property Code § 51.002(b)(3) for failure to send written notice to all obligors (*i.e.*, Mrs. Brown), *compare* State Petition at 6, *with* Federal Complaint at 7-8; a violation of Texas Property Code § 51.002(e) for failure to mail a notice of foreclosure letter to the last known address of each obligor, *compare* State Petition at 6, *with* Federal Complaint at 7-8; and a violation of Texas Property Code § 51.002(d) for sending an invalid notice of foreclosure,[1] *compare* State Petition at 6, *with* Federal Complaint at 7. For the first time in the instant federal court action, Mr. Brown alleges several additional claims: violations of Texas Property Code § 51.002 (arguing several if not all of the notices sent to the Browns were invalid because they were unsigned), *see* Federal Complaint at 7, 8; breach of contract, see *id.* at 9; violation of the plaintiff's constitutional right to due process, see *id.*; breach of fiduciary duty, see *id.*; and breach of the Federal Fair Debt Collection Act, see *id.* at 10. Additionally, without

---

[1] This argument differs from the plaintiff's previously enumerated § 51.002(d) violation in that Mr. Brown does not assert that the notice of foreclosure was itself deficient. Rather, he argues that because notice of foreclosure must be preceded by a valid notice of default and because the notice of default is invalid, the notice of foreclosure is also invalid.

- 4 -

further explanation or elaboration, the plaintiff alleges in the opening paragraph of his federal complaint that he is raising claims pursuant to the Texas Constitution, the Real Estate Settlement Procedures Act, the Truth-in-Lending Act, the Texas Deceptive Trade Practices - Consumer Protection Act, and the Texas Fair Debt Collection Act. See *id.* at 1.

On April 14, 2006, the defendants filed the instant motion to dismiss alleging lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). Defendants' Consolidated Motion to Dismiss ("Motion to Dismiss") at 1. Within the defendants' Rule 12(b)(6) motion, the defendants alleged that the previously raised state law causes of action are barred in this court because they constitute a "collateral attack" on the prior state court proceedings. See *id.* at 10-12, 14-15. Similarly, the defendants asserted as part of their Rule 12(b)(1) motion that the newly raised claims are barred as those claims constitute collateral attacks of the state court proceedings under the *Rooker-Feldman* doctrine. See *id.* at 14-15.

Concurrently, Mr. Brown filed a motion for a preliminary injunction, requesting that the court prevent the sale of his home by MidFirst. Motion for Preliminary Injunction at 2. As a defense to the plaintiff's motion for preliminary injunction, the defendants asserted that the plaintiff could not demonstrate the first element necessary for a preliminary injunction -- a substantial likelihood that the

movant will prevail on the merits -- because the causes of action raised in the underlying complaint are barred by res judicata. *See* Defendants' Brief in Support of Response to Plaintiff Basil Brown's Motion for Preliminary Injunction ("Defendant's Brief") at 3.

The court, recognizing the connection between the defendants' motion to dismiss and the defendants' response to the plaintiff's motion for preliminary injunction, determined that the instant motion to dismiss should more aptly be treated as a motion for summary judgment. The court held a status conference with the parties on August 10, 2006, and informed the parties of the court's intent to treat the motion to dismiss as a motion for summary judgment, *see* Order, August 10, 2006, and of the court's intent to examine the issue of whether res judicata bars the underlying claims in this matter, *see* Transcript of Status Conference, August 10, 2006. Additionally, the court granted the parties until August 30, 2006, to supplement their earlier filings in light of the court's intent to treat the motion as a motion for summary judgment. *See* Order, August 10, 2006. Neither the plaintiff nor the defendants submitted additional filings in the matter. *See* Docket Sheet. Hereinafter, the motion to dismiss will be referred to as the motion for summary judgment.[2]

---

    [2] Additionally, the plaintiff filed two motions for continuance on October 5, 2006. The first requests the court to grant the plaintiff additional time to conduct discovery in response to the motion for summary judgment. The second
(continued...)

II. ANALYSIS

A. Evidentiary Burdens on Motion for Summary Judgment

Summary judgment is proper when the pleadings and evidence before the court show that no genuine issue exists as to any material fact and that the moving parties are entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).[3]

The movants make such a showing by informing the court of the basis of their motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corporation v. Catarett*, 477 U.S. 317, 323 (1986); *Lindsey v. Sears Roebuck and Company*, 16 F.3d 616, 618 (5th Cir. 1994) ("When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial."); *Fontenot*, 780 F.2d at 1194 ("[I]f the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant

---

[2](...continued)
requests the court to determine the plaintiff's motion for preliminary injunction prior to resolving the motion for summary judgment.

[3] The disposition of a case through summary judgment "reinforces the purpose of the Rules, to achieve the just, speedy, and inexpensive determination of actions, and, when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Company*, 780 F.2d 1190, 1197 (5th Cir. 1986).

judgment in his favor.") (emphasis in original).  The pleadings, depositions, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists.  FED. R. CIV. P. 56(c).

If the movants make this showing, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial.  *Celotex*, 477 U.S. at 323-24.  To carry this burden, the "opponent must do more than simply show . . . some metaphysical doubt as to the material facts."  *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).  Instead, the nonmovant must show that the evidence is sufficient to support a resolution of the factual issue in its favor.  *Anderson*, 477 U.S. at 249.  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.  The nonmovant cannot survive a motion for summary judgment by merely resting on the allegations in his pleadings.  *Isquith for and on behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); see also *Celotex*, 477 U.S. at 324.

While all of the evidence must be viewed in a light most favorable to the nonmovant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Company*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's summary judgment

burden. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citing *Little v. Liquid Air Corporation*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

The district court has the power to grant a motion for summary judgment *sua sponte* so long as the order does not create unfair surprise for the party against whom judgment is rendered. See *Celotex*, 477 U.S. at 326; *General Universal Systems, Inc. v. Lee*, 379 F.3d 131, 145 n. 29 (5th Cir. 2004). To avoid surprise, the parties must receive notice of the court's intent to consider the particular matter *sua sponte*. See *Benchmark Electronics, Inc. v. J.M. Huber Corporation*, 343 F.3d 719, 725 (5th Cir. 2003). Notice is proper if the party against whom judgment is entered was given ten days to come forward with all of his evidence on the issue. See *id.*

In the case at bar, the court was deliberate in assuring the procedural requirements were satisfied to consider the issue of res judicata *sua sponte*. At the status conference on August 10, 2006, the court was clear in putting all parties on notice of its intent to address the issue of res judicata on summary judgment. Furthermore, in light of Mr. Brown's status as a *pro se* plaintiff, the court allowed the parties twenty days within which to supplement any of their earlier filings on the motion to dismiss.

## B. Res Judicata

The Full Faith and Credit Act, 28 U.S.C. § 1738, requires federal courts to apply state res judicata law to determine the preclusive effect of state court

judgments.  *United States ex rel. Laird v. Lockheed Martin Engineering & Science Services Company*, 336 F.3d 346, 357 (5th Cir. 2003).  Thus, if an earlier state court judgment would render a claim precluded in state court, it is similarly barred in federal court. See *Matsushita Electric Industrial Company, Limited v. Epstein*, 516 U.S. 367, 373 (1996) ("The Full Faith and Credit Act . . . directs all courts to treat a state court judgment with the same respect that it would receive in the courts of the rendering state.").

Under Texas law, res judicata precludes re-litigation of claims that have been finally adjudicated  or that arise out of the same subject matter and that could have been litigated in the prior action.  *Amstadt v. United States Brass Corporation*, 919 S.W.2d 644, 652 (Tex. 1996) (citing *Barr v. Resolution Trust Corporation*, 837 S.W.2d 627, 628 (Tex. 1992)).  The burden is on the party asserting res judicata to plead and prove the elements thereof.  *Brown v. Zimmerman*, 160 S.W.3d 695, 702 (Tex. App.--Dallas 2005, no pet.).  Those elements are:  (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.  *Amstadt*, 919 S.W.2d at 652.  The question of whether the claims "could have been raised" in the first action assumes the party's "exercise of diligence" to combine the claims.  *Barr*, 837 S.W.2d at 631.

The defendants obtained a final judgment in the state court litigation.  Order Denying Plaintiffs' Appeal of Associate Judge's Decision and Final Summary

Judgment, *attached to* Appendix in Support of Defendants' Response to Motion for Preliminary Injunction *as* Exhibit A-7.  The state district court dismissed with prejudice the plaintiff's prior state court suit.  *Id.*  Thus, defendants have satisfied the first element of res judicata, establishing a prior final judgment on the merits.[4]

It is indisputable that there is identity of parties between the prior state court proceedings and the instant federal action.  *Compare* State Petition at 1-2 (naming Basil Brown as plaintiff and Midland, MidFirst, and Barrett Burke as defendants), *with* Federal Complaint at 2.  Therefore, identity of the parties involved in the two proceedings has been established.

Because all of Mr. Brown's instant causes of action stem from the same facts (and often the same legal theories) as those litigated in the state court action, there is sufficient identity of claims to satisfy the third element of res judicata.  The Texas Supreme Court has decided that the correct approach for determining when an action is based on the same claims as those of a prior action is the "transactional approach." *Barr*, 837 S.W.2d at 630-31.  Under *Barr*, "a subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit." *Id.* at 631.  Furthermore, the

---

[4] Although the plaintiff's petition for review is still pending before the Supreme Court of Texas, a case pending appeal is res judicata unless and until it is reversed.  *Fidelity Standard Life Insurance Company v. First National Bank & Trust Company of Vidalia, Georgia*, 510 F.2d 272, 273 (5th Cir.), *cert. denied*, 423 U.S. 864 (1975).

"determination of what constitutes the subject matter of a suit . . . requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Id.* at 630. The inquiry also considers judicial efficiency and convenience. *Id.* Where two claims depend upon proof of the same central facts and would form a convenient trial unit and where "separate lawsuits would require significant duplication of effort," judgment on one of the claims precludes a second suit on the other. *Id.* at 631.

Upon application of this standard, it is readily apparent that all of Mr. Brown's claims in the instant case are barred under the transactional approach. Brown's State Petition sets out nearly identical facts to those pleaded in the case *sub judice*. In addition, as illustrated above, Brown pleaded many of the same claims in that case. As for the claims in the instant suit not previously pled in state court, it is clear that those claims depend upon proof of the same central facts as were pleaded in the state litigation. All the plaintiff's claims arise out of the assertion that the foreclosure on November 5, 2002, was wrongful. Consequently, all the plaintiff's claims would form a convenient trial unit. Under *Barr*, all of Mr. Brown's claims are transactionally related to his earlier state court claims and are accordingly barred from being relitigated in this forum.

Because the defendants satisfactorily demonstrated the three requisite elements of res judicata, this court concludes that all of Mr. Brown's claims, both those actually

raised in the state court proceeding and those raised for the first time in the instant action, are barred.

### III.  CONCLUSION

For the reasons stated above, the defendants' motion to dismiss is **GRANTED**. Both the plaintiff's motion for a preliminary injunction and motions for continuance are **DENIED**, and the plaintiff's motion for additional time to serve defendants is **DENIED** as moot.

**SO ORDERED**.

October 13, 2006.

_____
A. JOE FISH
CHIEF JUDGE