UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BASIL BROWN,                          ) | |
|                                       ) | |
|     Plaintiff,    ) | |
|                                       ) | CIVIL ACTION NO. |
| VS.                                   ) | |
|                                       ) | 3:06-CV-0363-G |
| BARRETT BURKE WILSON CASTLE           ) | |
| DAFFIN & FRAPPIER, LLP, ET AL.,       ) | **ECF** |
|                                       ) | |
|     Defendants.   ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion by the *pro se* plaintiff Basil Brown ("Brown" or "the plaintiff") to vacate the court's prior order granting summary judgment in favor of the defendants. For the reasons set forth herein, the motion is denied.

I. BACKGROUND

This case arises from foreclosure actions on real estate formerly owned by Brown. A thorough recitation of the factual background is unnecessary to resolve the instant motion; a more detailed stataement of the facts can be found in the memorandum opinion and order dated October 13, 2006. *See* Memorandum Opinion and Order ("Order"), No. 3:06-CV-0363-G, 2006 WL 3300047 (N.D. Tex.

Oct. 13, 2006). Of importance to the instant motion, however, is the procedural history of this case.

In November of 2003, Brown filed suit in state court against Midland Mortgage Company, MidFirst Bank, and Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. (collectively, "the defendants") for an allegedly wrongful foreclosure that occurred on November 5, 2002. First Amended Original Petition, *attached to* Appendix In Support of Defendants' Response to Plaintiff's Motion for Preliminary Injunction ("Appendix") *as* Exhibit A-4. In that case, the state court granted the defendants' motion for summary judgment and entered a final judgment against Brown. Order Denying Plaintiff's Appeal of Associate Judge's Decision and Final Summary Judgment, *attached to* Appendix *as* Exhibit A-7.

In the present case, the plaintiff asserted both state and federal claims against the defendants stemming from the same allegedly wrongful foreclosure. At least five of the claims raised in the federal suit were actually litigated in the state court proceeding. Brown also asserted in this case both state and federal claims that were not raised in the state court proceeding but which arose from the same set of operative facts.

The original complaint was filed on February 27, 2006, and was followed the next day by an amended complaint and a motion for temporary restraining order. On March 16, 2006, the defendants filed their Rule 12(b)(6) motion to dismiss for

failure to state a claim upon which relief could be granted. The plaintiff, on March 30, 2006, filed a motion for preliminary injunction and a second amended complaint. On April 12, 2006, the defendants filed their first supplement to the Rule 12(b)(6) motion and a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. The defendants, on April 14, 2006, filed a motion to withdraw their prior motions to dismiss and supplement thereto, which would then be replaced with a consolidated motion to dismiss. The court granted the motion to withdraw and the motion to file the consolidated motion to dismiss; the consolidated motion appears as document No. 14 on the docket sheet for this case. On May 9, 2006, the defendants filed a response to the plaintiff's motion for preliminary injunction.

In both their consolidated motion to dismiss and in their response to the motion for preliminary injunction, the defendants argued that the plaintiff's claims were barred by *res judicata* and other related doctrines. Because *res judicata* constitutes an affirmative defense, this court, in a status conference on August 10, 2006, ordered the defendants to file an answer to the plaintiff's second amended complaint by August 30, 2006 and gave notice to the parties of the court's intent to treat the consolidated motion to dismiss as a motion for summary judgment. At the status conference, the court gave the parties the option to supplement the record with any further information pertinent to consideration of the motion for summary judgment. Also at the status conference, Brown informed the court that he had not received a

copy of the defendants' consolidated motion to dismiss; counsel for the defendants indicated that the envelope containing the consolidated motion to dismiss, which was sent via certified mail, had been returned to him. Counsel for the defendants agreed to send another copy of the consolidated motion to dismiss to Brown.

On August 30, 2006, Brown filed a motion for an extension of time to comply with the orders issued by the court during the status conference of August 10, 2006. In his motion for an extension, the plaintiff stated that "[a]lthough the Defendants have submitted a copy of their 'Consolidated Motion to Dismiss' to the plaintiff in a tamely [sic] manner, the Defendants have failed to file their original answer and serve it upon the Plaintiff as of August 30, 2006 . . .". Plaintiff's Motion for Extension of Time to Comply with Order of the Court ¶ 4. The same day that the motion for extension was filed, the defendants filed their answer to the plaintiff's second amended complaint. The court, in an order date September 8, 2006, denied the motion to extend, finding that receipt of the defendants' answer was not necessary to respond to the *res judicata* defense as raised in the consolidated motion to dismiss and as raised by the court during the status conference.

On September 20, 2006, Brown filed a second motion to extend time to comply with order of this court. In this second motion, Brown claimed, in contradiction to his first motion to extend time, that he had not been served with the consolidated motion to dismiss. *See* Plaintiff's Motion to Enlarge Time to Comply

with Order of this Court ("Motion to Enlarge Time") ¶ 4. On October 12, 2006, this court denied this second motion to extend time and reprimanded Brown for his inconsistent pleadings.

Prior to this court's order granting summary judgment for the defendants, Brown also filed a motion for a continuance and a motion requesting the court to rule on his motion for preliminary injunction before ruling on the motion for summary judgment. The court denied these two motions as well as his motion for preliminary injunction. The instant motion to vacate was filed on December 26, 2006.

## II.  ANALYSIS

The instant motion to vacate will be treated as a motion for relief from judgment under Rule 60. Because the motion to vacate was not filed within ten days after rendition of the judgment, it cannot be considered under Rule 59(e); all motions aimed at obtaining relief from a court's judgment, served more than ten days after entry of the judgment, fall under Rule 60(b). *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993); *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied*, 479 U.S. 930 (1986). In this case, because of the lapse of time since rendition of the judgment, the motion is governed by Rule 60(b). See *Pryor v. U.S. Postal Service*, 769 F.2d 281, 285 (5th Cir. 1985).

Under Rule 60(b), a party may obtain relief from a final judgment by showing (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *See* FED. R. CIV. P. 60(b). Though Brown did not couch his motion to vacate in the language of Rule 60(b), all of his arguments arise under either a claim of excusable neglect or a claim of surprise.

Motions for reconsideration "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Texas Instruments, Inc. v. Hyundai Electronics Industries, Company Ltd.*, 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999) (quoting *Lupo v. Wyeth-Ayerst Laboratories*, 4 F. Supp. 2d 642, 643 (E.D. Tex. 1997)) (internal quotation marks omitted); see also *McNamara v. Bre-X Minerals Ltd.*, 68 F. Supp. 2d 759, 760-61 (E.D. Tex. 1999) (quoting *Waltman v. International Paper Company*, 875 F.2d 468, 473 (5th Cir. 1989)). Such a motion is not "the proper vehicle for rehashing old arguments or advancing theories of the case

that could have been presented earlier." *Resolution Trust Corporation v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994).

In the motion before the court, Brown's arguments can be divided into three categories: (A) arguments that were raised before the court granted summary judgment; (B) arguments that were not raised but could have been raised before the court granted summary judgment; and (C) arguments that were not raised and could not have been raised before the court granted summary judgment.

### A.  Arguments Raised Previously

Brown, in the instant motion to vacate, raises two arguments which were made earlier but rejected by the court. First, he asserts that he did not receive the defendants' consolidated motion to dismiss prior to the court's response deadline because the Post Office branch at which Brown maintains his post office box misplaced the motion. *Compare* Plaintiff's Motion to Vacate Order ("Motion to Vacate") ¶¶ 25-28, *with* Motion to Enlarge Time at 2-4. Second, he argues that by converting the consolidated motion to dismiss, the court actually denied the defendants' motion to dismiss and thus the defendants' answer was untimely under FED. R. CIV. P. 12(a)(4)(A). *Compare* Motion to Vacate ¶¶ 29-38, *with* Plaintiff's Motion for Continuance ¶¶ 5-12. These arguments were actually raised and considered by the court while the motion for summary judgment was pending. Brown provides no new information to the court for it to consider on the instant

motion in relation to these two claims.  Accordingly, they provide insufficient grounds upon which to grant the motion to vacate.

## B.  Argument that Should Have Been Raised

The plaintiff also raises one argument that should have been raised previously but was not.  Brown argues that the defendants' consolidated motion to dismiss was not properly before the court because under FED. R. CIV. P. 12(h), the defendants waived any Rule 12 arguments not raised in the defendants' initial filing (*i.e.*, the defendants' original Rule 12(b)(6) motion to dismiss).  Motion to Vacate ¶ 44(1).  Brown offers no reason as to why he failed to raise this argument while the court was considering the motion for summary judgment.  Accordingly, this argument presents an insufficient basis upon which to grant the motion to vacate.[*]

---

[*]     Moreover, even if the court were to consider this argument for the first time here on the motion to vacate, the court could not rule in Brown's favor.  While Brown is correct to the extent that he argues certain Rule 12(b) defenses must be raised in the initial motion or responsive pleading, he ignores that the supplement to the motion to dismiss came after his second amended complaint.  The supplement to the motion to dismiss encompassed arguments pertaining only to those claims added in the second amended complaint.  Rule 12's waiver provision does not apply to new claims raised for the first time in an amended complaint filed subsequent to the defendants' original motion to dismiss.  See *Stoffels v. SBC Communications, Inc.*, 430 F. Supp. 2d 642, 647-48 (W.D. Tex. 2006).  The consolidated motion to dismiss was merely a matter of convenience for both the parties and the court, whereby the defendants merged the original motion to dismiss and the supplement into a single document.  Thus, the plaintiff's argument, even if it were timely, is without merit.

## C. New Arguments on the Motion to Vacate

Finally, Brown raises three arguments on the motion to vacate that were not, and could not, have been raised earlier as they arise from the court's prior order. First, he argues that the court excluded "material claims" made by the plaintiff in the "Background" section of the order. Second, Brown contends that the court abused its discretion in finding that he was served with a copy of the consolidated motion to dismiss. Third, Brown asserts that the court did not put him on notice that it was considering summary judgment as to *all* of his claims and thus some of those claims were improperly dismissed. Motion to Vacate ¶¶ 41-43, 44(2).

The plaintiff's argument that the court omitted certain "material claims" in the "Background" section of the order and that the court erred in making certain statements in the "Background" section of the order is irrelevant. The court's order granting summary judgment to the defendants rested on one and only one finding -- that the doctrine of *res judicata* barred the plaintiff's claims from being re-litigated in this forum. The factual dispute regarding whether the plaintiff received proper notice of the foreclosure sale has no bearing on this court's conclusion that the plaintiff brought or should have brought these claims in his prior state court litigation. Thus, the argument that the court erred in its recitation of the facts cannot serve as grounds for relief from the prior order, as the recitation of those facts was not necessary to the court's ultimate holding.

The plaintiff's assertion that it was an abuse of discretion for the court to find that he was served with the defendants' consolidated motion to dismiss in a timely manner is without merit. The court is entitled to rely on the facts pleaded by the parties and to make rulings thereon. That Brown told the court in his first motion for an extension of time that he had received the consolidated motion to dismiss and that this court held him to his allegations does not amount to an abuse of discretion. Accordingly, Brown's abuse of discretion argument cannot serve as a sufficient basis for relief under Rule 60(b).

Brown's argument that the court did not properly give him notice of the fact that it would consider all of the claims before it on the motion for summary judgment is erroneous. At the status conference, the court stated,

> it appears from my review of [the motion for preliminary injunction and consolidated motion to dismiss] and the appendices supporting them that many, if not most, of these same claims were previously advanced in a state court action which has been concluded. The defendant argues in the motion to dismiss that these claims are barred by the doctrine of *res judicata*.

Status Conference Transcript, 1:23-2:4, Aug. 10, 2006. While Brown is correct that the court did not specifically state that it would consider the motion to dismiss as to all claims, the court did state that it was treating the defendants' consolidated motion to dismiss as a motion for summary judgment and that the sole theory to be considered on that motion was the applicability of *res judicata*. The consolidated

- 10 -

motion to dismiss included arguments that all of the plaintiff's claims should be dismissed based on *res judicata* and other related doctrines. *See* Defendants' Consolidated Rule 12(b)(6) and Rule 12(b)(1) Motion to Dismiss ¶¶ 21-27, 30-31. Additionally, the defendants' response to Brown's motion for preliminary injunction included a detailed analysis of the *res judicata* argument. *See* Defendants' Brief-In-Support of Response to Plaintiff Basil Brown's Motion for Preliminary Injunction ¶¶ 4-11. This court complied fully with Rule 56(c) by putting Brown on notice of its intent to consider the defense of *res judicata* on summary judgment and by giving him twice the time provided by the rules to come forward with all of his evidence as to why *res judicata* did not bar his claims. Having chosen not to do so, he now seeks relief from that decision.

Moreover, despite filing five motions since the date this court ordered all supplemental filings to be filed and served, Brown has yet to advance a single substantive argument refuting the defendants' contention, and this court's finding, that his claims are barred by *res judicata*. Throughout the instant motion to vacate, Brown repeatedly asserts that more time is needed to conduct discovery into the allegations raised in his second amended complaint, but the issue of *res judicata* -- the very narrow issue on which this court's summary judgment holding rests -- required no further discovery.

The plaintiff had his day in the state court when summary judgment was entered against him. His attempt to attack the state court's judgment in federal court met a similar fate. Now, on this motion to vacate, Brown attempts to take a third bite at the apple. This latest effort must fail as well, because Brown presented no grounds within the reach of Rule 60 for this court to grant him relief from its prior order.

### III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to vacate this court's prior order is **DENIED**.

**SO ORDERED**.

February 28, 2007.

                                            _____
                                            A. JOE FISH
                                            CHIEF JUDGE